## MATTER OF GALTIERI

### In Deportation Proceedings

### A-12281135

*Decided by Board June 28, 1968*

Notwithstanding a complete lack of books written or public speeches made against communism by respondent who in 1953 ceased to be a member of the Italian Communist Youth Federation which he voluntarily joined in 1951 at age 18, respondent's full disclosure to the American consul of his former membership in that organization, his offer of his services to the U.S. Government to combat communism, and his frequent expressions of anti-communist sentiments to his friends constitutes being "actively opposed" to communism for the purpose of defector classification under section 212(a)(28)(I)(ii) of the Immigration and Nationality Act, as amended, and, being otherwise eligible, respondent is properly accorded adjustment of status under section 245 of the Act. (*Matter of B—*, 6 I. & N. Dec. 713, distinguished).

CHARGE:

Order: Act of 1952—Section 241(a)(2) (8 U.S.C. 1251(a)(2))—Nonimmigrant—student—remained longer.

ON BEHALF OF RESPONDENT:
Joseph S. Hertogs, Esquire
580 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

Stephen M. Suffin
Trial Attorney
(Brief filed)

The proceedings have been certified to us by the special inquiry officer for review and final decision. On April 2, 1968 the special inquiry officer ordered that the proceedings be terminated, that respondent be granted defector status under section 212(a)(28)(I)(ii) of the Immigration and Nationality Act and that respondent be accorded permanent residence under section 245, Immigration and Nationality Act.

Two questions are presented for our consideration. The first is whether the record justified granting respondent defector status under section 212(a)(28)(I)(ii) of the Act, and the second is whether suspension of deportation under section 244(a)(1) of the Act should

have been considered rather than granting respondent permanent residence under section 245 of the Act.

The respondent is a 35-year-old married male alien, a native and citizen of Italy who was admitted into the United States as a student on September 27, 1960 and who was authorized to remain until February 18, 1967. He remained beyond that date and thus became deportable as charged, a fact which respondent concedes and which is amply sustained by the record.

The respondent is married to a lawful permanent resident of the United States, and they have one child who is a citizen of the United States by reason of birth in the United States. The record shows quite clearly that respondent is a highly educated man, having a doctorate degree in engineering science and who is doing advanced computer programming for the International Business Machine Company in California. Respondent is well thought of in the community and an independent investigation indicates that he is a person of good moral character and is not now a member of any subversive organizations.

The fact is also not in dispute that from October 1951 to the spring of 1953 respondent, in Italy, was a voluntary member of the Italian Communist Youth Federation (F.G.C.I.), an affiliate of the Communist Party of Italy. When respondent joined he was 18 years old, and in the spring of 1953, becoming disillusioned with this group he handed in his resignation. The resignation was refused and instead he was expelled from this Youth Federation, which appears to be the usual procedure when a person attempts to resign from such an organization. He testified that he never did believe in the communist teachings but that he was very young at the time he joined the organization and did not know what he was getting into, but that he got out when he fully understood the aims and methods of the group. He testified that since that time in 1953 he has been very much opposed to anything communistic and on many occasions he has spoken out to his friends and acquaintances concerning his anticommunist feelings and beliefs. This latter fact was corroborated by two witnesses who testified at the hearing on respondent's behalf.

We think that the special inquiry officer was correct in holding that respondent was entitled to the status of a defector under section 212 (a) (28) (I) (ii) of the Immigration and Nationality Act. Such section provides as follows:

Any alien who is within any of the classes described in subparagraphs (B), (C), (D), (E), (F), (G), and (H) of this paragraph because of membership in or affiliation with a party or organization or a section, subsidiary, branch, affiliate, or subdivision thereof, may, if not otherwise ineligible be issued a visa if such alien establishes that . . . (ii) (a) since the termination of such member-

ship or affiliation, such alien is and has been, for at least five years prior to the date of the application for a visa, actively opposed to the doctrine. program. principles, and ideology of such party or organization . . . and (b) the admission of such alien into the United States would be in the public interest.

To begin with, when respondent applied for his visa at the American Consulate in Italy in 1960 he told the truth about his prior party affiliation and he made a detailed statement concerning this entire matter (Ex. 6). Also he testified that he offered his services to an agency of the United States Federal Government to engage in any overt or covert activities against communism, but his services were not utilized. It is true that respondent during the five years prior to the time he applied for defector status (November 24, 1966), did not write any books or make public speeches against communism, which is the usual thing done by prominent political figures who defect. But respondent was never engaged in politics and was not prominent. However, we hold that his making a full disclosure to the American Consul concerning his former membership in the youth group, his offering his services to the United States Government to combat communism, his frequent statements to his circle of friends as to his anti-communist sentiments, and finally his lengthy testimony at the hearing, amounts, under the circumstances to being "actively opposed" to communism as required by the statute. We hold that he is entitled to be classified as a defector under section 212(a)(28)(I)(ii) of the Act and therefore may be issued a visa. His admission to the United States is clearly in the public interest.

The second question for determination concerns the decision of the special inquiry officer to grant permanent resident status under section 245 rather than considering the granting of suspension of deportation under section 244(a)(1) of the Act. The Service cites *Matter of B—*, 6 I. & N. Dec. 713, in support of the contention that suspension of deportation would have been the proper remedy. In *Matter of B—* respondent was deportable by reason of voluntary membership in the Communist Party of the United States after entry. The choice was between granting him suspension of deportation or terminating the proceedings to enable him to file a petition for naturalization. The Attorney General stated: "After carefully considering the matter, I have concluded that it would be more appropriate *in this case* (emphasis added) to grant the alien's application for suspension of deportation pursuant to the provisions of section 244(a)(5) of the Act in order that the Congress will have an opportunity to review my action as contemplated by that section." This was ordered in lieu of terminating the proceedings for the limited and sole purpose of permitting respondent to file a petition for naturalization.

We do not believe that *Matter of B—* constrains us to hold in the case before us that suspension of deportation would be the proper discretionary remedy rather than adjustment of status under section 245 of the Act. The facts of the two cases are different, the alternative remedy sought is different, and it appears quite clear from a careful reading of *Matter of B—* that the holding in that case was meant to apply to that particular case rather than laying down a broad principle of law to be followed in all similar cases. In the instant case respondent is entitled to have his status adjusted to that of a permanent resident under section 245 of the Act and we do not see any error in his being granted such relief by the special inquiry officer.

For these reasons we will affirm the order of the special inquiry officer terminating the proceedings and granting respondent's application for adjustment of status under section 245, Immigration and Nationality Act.

**ORDER:** It is directed that the order of the special inquiry officer of April 2, 1968 terminating the proceedings and granting respondent permanent residence under section 245, Immigration and Nationality Act, be approved.