## MATTER OF MOSS

### In Exclusion Proceedings

### A–19265092

*Decided by Board August 16, 1974*

Request, on appeal in exclusion proceedings, for remand of case to the immigration judge for further proceedings to give applicant an opportunity to further develop the evidence of his "active opposition" to Communism for the purpose of defector classification under section 212(a)(28)(I)(ii) of the Immigration and Nationality Act, as amended, is granted where applicant made a full and voluntary disclosure to the American consul of his voluntary membership in the Communist Party of Great Britain from 1948 to 1952; he testified candidly and extensively at the exclusion hearing as to such membership; and he was not represented at the hearing by counsel, mistakenly thinking he could handle his hearing by himself.

EXCLUDABLE: Act of 1952—Section 212(a)(28) [8 U.S.C. 1182(a)(28)]—Prior membership in Communist Party of Great Britain.

ON BEHALF OF APPLICANT: Francis Hoague, Esquire
1500 Hoge Building
Seattle, Washington 98104

In a decision dated May 6, 1974, the immigration judge found the applicant inadmissible under section 212(a)(28) of the Immigration and Nationality Act because of his membership in the Communist Party of Great Britain, denied his application for a waiver of inadmissibility under section 212(a)(28)(I)(ii), and ordered his exclusion and deportation from the United States. The applicant has appealed from that decision. The record will be recommended to the immigration judge.

The applicant, a 58-year-old alien who is a native of England and a critizen of Canada, seeks to enter the United States so that he may reside in a retirement home that he and his wife are building at Point Roberts, Washington. He applied for an immigrant visa at the American Consulate in Vancouver, British Columbia. After voluntarily informing the Consul of his former membership in the Communist Party, the applicant was refused a visa because of that membership. He then applied at the border for admission to the United States and was referred for an exclusion hearing.

At the hearing, the applicant stated that he joined the Communist

Party in Liverpool, England in 1948. His reason for joining was that he desired social reform in certain areas such as education, aid to the elderly, health care, and insurance. He stated that the Communist Party was more interested in reforms in these areas than were the other political parties in England, and that the Communist Party "offered what appeared to be ready made answers" (Tr. p. 16).

He testified that he joined the Party at the urging of one of his neighbors. The "cell" to which he belonged had six members; the membership remained constant during the four years he belonged.

The applicant stated that he became disillusioned with the Communist Party because it focused most of its attention on the Soviet Union's international aims, with which he disagreed, and it did not devote sufficient attention to reform in England. The applicant's opposition to the international aims of communism caused him to break with the Party in 1952. He thereupon moved from the Liverpool area to North Wales in order to get away from the Party. The move involved terminating his business, selling his home, and moving his family to an area where it "was harder to scrape up a business" (Tr. p. 27). He immigrated to Canada in 1968.

The applicant was not represented by counsel at the hearing. The immigration judge informed him of the terms of section 212(a)(28)(I)(ii) of the Act. This section provides for a waiver of inadmissibility for an alien who has defected from the Communist Party and who since that defection "is and has been, for at least five years prior to the date of application for admission actively opposed to the doctrine, program, principles, and ideology of such party or organization," and whose admission into the United States would be in the public interest.

The applicant testified that he has had nothing to do with communism since he quit the Party in 1952, and that he has actively opposed communism in statements made to friends since that time. The applicant submitted letters from four individuals attesting to his strong anti-communist point of view (Exhs. 6, 7, 8, 9). He also produced one of these individuals who testified as to several specific examples of the applicant's anti-communist position. In one instance the applicant had expressed opposition to Soviet intervention in Czechoslovakia, and in another instance he had expressed the opinion that communists from Chile were "troublemakers" who would not be assets to Canada. In addition, the applicant submitted to the immigration judge ten letters attesting to his good moral character.

The immigration judge found that the applicant did not appear to have been involved with communism since 1952, but that he also did not appear to have actively opposed communism, and that he had not established that his admission into the United States would be in the public interest. He concluded, therefore, that the applicant was exclud-

able and that he could not qualify for a waiver under section 212(a)(28)(I)(ii).

On appeal, counsel has moved that we remand the record for the taking of further evidence concerning the applicant's active opposition to communism. In an affidavit, the applicant stated that he made a mistake in thinking that he could handle his exclusion hearing by himself. He stated that he did not understand the type of proof which he should have submitted to establish his claim that he has actively opposed communism.

Counsel has submitted letters from two individuals who will testify as to specific anti-communist statements made by the applicant on various public and private occasions. In addition, the applicant has stated that he wishes to have an opportunity to testify further as to his specific anti-communist acts and to the large financial loss which he voluntarily underwent in order to get away from the Party by moving from Liverpool to North Wales.

In *Matter of Galtieri*, 12 I. & N. Dec. 778 (BIA 1968), we stated that the fact that an ex-communist alien was not politically active, and did not write books or make public statements opposing communism did not preclude his classification as a defector under section 212(a)(28)(I)(ii) of the Act. In *Galtieri* we held that, among other things, factors such as full disclosure to the American counsul, anti-communist statements made privately to friends, and the alien's testimony at the hearing as to his anti-communism could be considered as evidence of active opposition to communism.

The applicant made a full and voluntary disclosure of his Communist Party membership to the American consul. He testified candidly and extensively as to this membership at his exclusion hearing. The applicant's candor and voluntary divulgence of his Party membership gives considerable weight to his testimony that he has subsequently actively opposed communism.

It appears that the applicant's membership, although voluntary, was predicated on his desire to improve living conditions in Great Britain. He evidently never favored the international aims of communism, and he broke with the Party because of his disapproval of these goals.

The applicant seems to have voluntarily undergone considerable financial hardship to get away from the Party. He has apparently been consistent in his opposition to communism in statements made to friends over the years since he left the Party. The record indicates that the applicant is a person of good moral character, and that his admission to the United States would be in the public interest.

We believe that the applicant should be given an opportunity to further develop the evidence of his active opposition to communism. If the truth of the information set forth in the motion to remand and

supporting documents can be established, the evidence would apparently fall within the scope of *Matter of Galtieri, supra,* and the applicant's classification as a defector under section 212(a)(28)(I)(ii) would be possible.

The applicant's motion to remand will be granted, and the record will be returned to the immigration judge for further proceedings.

**ORDER:** The motion is granted, and the record is remanded to the immigration judge for further proceedings in accordance with this opinion.